### HUNT & CO. v. DANIELS & CO.

1. CONFUSED BILL OF EXCEPTIONS. The Supreme Court will not reverse the ruling of the Court below, when it is stated in a confused and indefinite manner in the bill of exceptions.

2. RECORD IN ANOTHER ACTION AS EVIDENCE. To exclude, in the trial of a cause, the pleadings in another action between different parties is not erroneous.

3. VERBAL AGREEMENTS: MORTGAGE. The mortgagee of personal property, may, by representations made in procuring the executions of the mortgage, give preference to the claim of another creditor over his own; but he cannot use his mortgage to protect other creditors against a subsequent mortgagee.

*Appeal from Iowa District Court.*

THURSDAY, OCTOBER 8.

FOR the material facts, see the opinion.

*J. D. Templin* for the appellants.

*J. H. Murphy* for the appellees.

WRIGHT, J.—I. To the objection that the court below erred in excluding the answers to certain interrogatories in the depositions of the witnesses, Millington and Potwin, there are several conclusive answers.   In the first place, the parts excluded, are not so identified and made certain as to enable us to say what action was had in the premises. Thus the caption of the bill of exceptions, refers to them as interrogatories 4, 5, and part of 15, as marked on the margin of the deposition of said Millington and Potwin; and at the conclusion of the motion, it is said that the Court ordered it sustained as to that part marked in the margin, and all of 12 and 15.   In Millington's deposition we find a note in the margin indicating that the answers to interrogatories 4, 5 and part of that to 15, were suppressed.   In Potwin's no order is made as to 4 or 5, but a portion of 6

and all of 12 and 15, seem to have been excluded. This leaves matters too indefinite to enable us to say that the Court erred in excluding said testimony.

But aside from this, the testimony was entirely irrelevant, and much of it mere hearsay. Plaintiffs claim the goods in controversy (or their value rather, under ch. 143 of the Revision), under a chattel mortgage from one Ellwood. Defendants rely upon the fact that Ellwood had made a prior mortgage to Davis, Sawyer & Co. And that there was an understanding between the agent of said Davis, Sawyer & Co., who took said mortgage, and said Ellwood, that it was also for the benefit of defendants, or rather that defendants were to be paid their debts before said mortgage should be recorded, or inure to the benefit of said mortgagees, which agreement was assented to by said defendants. The testimony excluded, in its essential part, consists of conversations between said defendants and this agent, called out by defendants when plaintiffs were not present, and of which they had no knowledge, and for the purpose of proving by the declarations of the agent, what arrangement he had concluded with said Ellwood. In other parts the witnesses undertake to state their understanding of a certain fact, instead of giving their own knowledge or information on the subject. But it seems that another action was pending in relation to the same property between Davis, Sawyer & Co., and said defendants, and by agreement the depositions were taken once for both cases. The answers suppressed, some or all, might have been perfectly competent in that case, and not in this. And this was probably the view of the Court below, as some marginal memoranda seem to indicate that the exclusion only related to this case.

II. The refusal of the court to permit defendants to read from, or refer to the pleadings in the case commenced by Davis, Sawyer & Co., could by no possibility prejudice appellants. Plaintiffs were not parties to that proceeding,

nor were Davis, Sawyer & Co., made parties here. The matter set out in the bill of exceptions, and which appellants claimed the right to read and refer to, was their answer in the other action. What their answer in that was, as the pleadings stood in this, was a matter of no sort of importance. But the leading point in the case is, that the goods belonged to Davis, Sawyer & Co.; that this being shown, plaintiff's action would be defeated; and that these pleadings and records tended to establish this fact. The answer is that this was not legitimate testimony for the purpose proposed. By their answer in another case, with which plaintiffs had no connection, defendants could not prove property in another. Nor as against these plaintiffs would it tend to prove it.

All room for controversy, however, is removed, when we refer to the body of the case, and see what view was taken of the respective rights of these parties. The testimony is not all before us, but as already suggested, it seems that defendants claim, that they were in some method to be benefited by the mortgage to Davis, Sawyer & Co. There is no pretense that such benefit was reserved to them by the terms of the mortgage itself, but that this was done by some verbal agreement. Now while plaintiffs' right might be postponed to that of Davis, Sawyer & Co., it would by no means follow that said mortgage was to be held for the payment of still other debts, whether payable to defendants or others, of which plaintiffs had no notice prior to taking their lien. When Davis, Sawyer & Co. were paid, their lien or right to the property was extinguished, and no secret trust in favor of defendants could intervene to defeat plaintiffs' right. If defendants, therefore, with knowledge of plaintiffs' right, took the property and converted it to their own use, they would be liable to the amount of plaintiffs' debt, it being proved that the property was, at least, of that value. And this is the view of the law bearing upon the questions

involved, substantially taken by the Court below. The question as to whether plaintiffs' action would be defeated by showing property, or right to the possession in a third person, does not arise. In fact the jury are told in substance, in one or two instructions, that a right to the possession in a third party would defeat plaintiffs' action. But the distinction was kept up, that if the other mortgage was satisfied, or if the property remained unapplied thereon, the junior mortgagee would have a right to the possession against one not rightfully claiming under the first mortgage, nor by virtue of a better title. To this view, under the facts, which are only partially developed in the record, we can see no just objection.

Affirmed.